Bouldin, J.
delivered the opinion of the court:
This is an appeal from a judgment of the .Cireu.it court of "Washington .county in an action of ejectment brought in that court by the appellees against the appellant, in January 1869. The case was substantially as follows:
Mrs. Sarah B. Preston, of "Washington county, died in July 1846, having first made her last will, which was duly admitted to probate by the County court of Wash^ ington county. By a paragraph of the third clause of the will she devised to her three sons, Wm. C., John S. and Thomas L. Preston (who were constituted her executors), certain real property therein mentioned, in trust for her daughter, Mrs. Sally B. Floyd, with instructions to them to permit her “said daughter to occupy and enjoy said property should she prefer doing so; ” and “should she survive her husband, they shall convey pie said property in fee simple to her and her heirs.”
William C. Preston and John S. Preston were both non-residents of the State, and neither of them having at any time qualified as executor or acted as trustee; Thomas L. Preston alone qualified and acted as such. At his mother’s death, as was his plain duty by the imperative terms of the will, he permitted his sister, Mrs. Floyd, to take possession of and enjoy the property devised to her as aforesaid; and she and her alienees have continued to hold it down to the institution pf this suit in January 1869.
In the meantime—to wit, on the 23d day of June 1862—by an order of the County court of Washington *398 county, made on the motion of Mrs. Sally B. Floyd, William B. Byars was appointed trustee of Mrs. Sally B. Floyd in the place of said Thomas L. Preston, wrho appeared in court, as the order recites, and declined to act logger as trustee: and from that date William B. Byars alone acted as such trustee. Before that time, however, William C. Preston had died without having accepted the trust, or iu any manner interfered' with its execution.
Soon after the appointment of William B. Byars as trustee as aforesaid, the said Byars, as trustee of Mrs. Sally B. Floyd and Mrs. Floyd, filed their bill in the Circuit court of Washington county, on the chancery side thereof, against the said Thomas L. Preston, praying a settlement of his account as trustee as aforesaid ; to which bill said Preston filed an answer, under oath, in which he admits that he had been removed as trustee by order of the County court of Washington county, and said William B. Byars appointed in his place. '
On the 15th day of June 1863, William B. Byars, trustee as aforesaid, and Mrs. Floyd, by deed of that date, undertook to convey to A. L. Hendricks, in consideration of the sum of thirty thousand dollars, certain real estate in Abingdon, Washington county, Virginia, being a portion of the trust subject aforesaid, or property for which that subject had been duly exchanged, and the deed was acknowledged by both grantors before a notary public and duly certified and recorded; but John B. Floyd, husband of Mrs. Sally B. Floyd, being then alive and not being a party to the deed, the same was deemed void as to Mrs. Floyd. On the 26th day of August 1868, the said John B. Floyd died; and on the 2d day of December thereafter Mrs. Sally B. Floyd, being then a feme sole, re-acknowledged the deed aforesaid to Hendricks, before the same notary who had taken her previous acknowledgment, and by whom her said re-acknowledgment was duly certified.
*399 Before that time, however—to wit, on the-day of October 1863, John S. Preston, who had individually made an exchange of property with his sister, Mrs. Floyd, and her trustee, retaining a lien on the property passed to her, which was the same sold to Hendricks, executed to Hendricks a deed of release, and endorsed thereon a receipt in the following terms: “Richmond, 11 Jan’y 1864. Received of Wm. Byars, trustee of Mrs. Sally B. Floyd, on account of this deed, six thousand two-and thirty-two dollars fifty cents ($6,232.50), in full. John S. Preston.” This deed, with the receipt aforesaid endorsed thereon, was duly recorded in Washington County court.
Hendricks held the property thus acquired until October 1868, when by deed of that date, he conveyed it to the appellant Joseph T. Campbell, trustee; and on the 31th of January 1869, John S. Preston and Thomas L. Preston, claiming to be trustees of Mrs. Sally B. Floyd, instituted an action of ejectment against Campbell, seeking to set up a legal title in themselves, and to recover possession of the land. The defendant Campbell demurred generally to the declaration, and pleaded “not guilty.”
The demurrer was overruled, and the parties waiving a trial by jury, submitted the case upon the law and the facts to the judgment of the court; whereupon judgment •was entered for the plaintiff: and the case comes to this court on an appeal from that judgment, all the facts of the case having been spread on the record.
Without deciding whether the appellee, John Sr Preston, is not estopped by deed and by matter in pais, and Thomas L. Preston by matter of record, from claiming at this time to be trustees of Mrs. Salty B. Floyd ; and without deciding whether, conceding the said John S. Preston and Thomas L. Preston, against all the facts and circumstances of the case, and against their solemn acts and admissions to the contrary, to be still the trustees of *400 Mrs. .Floyd, the court should not have presumed, ora well established principles of law, that they had discharged their duty by making to Mrs. Floyd the conveyance in fee simple,, to which she had been clearly entitled for nearly six years prior to the institution of this suit.; questions which have been ably and earnestly argued by counsehon both sides—waiving the consideration of these questions as unnecessary to be-decided in this case—the court is of opinion, that under the provisions of the will of Mrs. Sarah B. Preston, her daughter Mrs. Floyd acquired at once, on her mother’s death, an equitable estate in fee simple in all the property devised to her use, with the absolute right to hold and occupy the same— to the use and possession thereof as her separate estate— against her said trustees and all other persons ; that at the death of her husband, John B. Floyd, she became entitled, in addition to the use and possession of said property, to an absolute conveyance thereof to herself in fee^simple, which it was a breach of trust in her said trustees to withhold : and so far from said trustees having the right to sue for said land and eject her therefrom, that she had the right from the moment of her husband’s death to demand from them, unconditionally, a conveyance of said property to her in fee simple; which right she could, at any moment, have enforced against them by suit.
The court is further of opinion, that having thus the right to possess, and the actual possession of the property aforesaid, and holding also the equitable estate in fee with the right to an immediate conveyance of the legal estate, all these rights passed to and were vested in the said A. L. Hendricks, by the deed of Mrs. Floyd to him of the 2d of December 1863 ; that being the date of the re-execution aforesaid ; and that by the deed of the 15th of October 1868, from A. L. Hendricks and wife to Joseph T. Campbell, trustee, all the interest and estate aforesaid was vested in the said Campbell, who- *401 stood thereafter in all respects in the shoes of the said Sarah B. Floyd, and could no more be ejected from said premises at the suit of said trustees—conceding them to be such—than Mrs. Floyd herself could have been, had the suit been instituted against her, before her conveyance to Hendricks.
The court is, therefore, of opinion, that the judgment of the Circuit court is erroneous and should be reversed ; and that judgment should be now entered for the appellant, the defendant in the court below.
Judgment reversed.